```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
PAKISTAN TEHREEK-E-INSAF USA LLC        :
a/k/a PTI USA, LLC,                     :
                                        :
                    Plaintiff,          :
                                        :           20-CV-2392 (VEC)
        -against-                       :
                                        :                ORDER
                                        :
PTI USA and JOHN DOE, a fictitious person :
in charge of the organization,          :
                                        :
                    Defendants.         :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/22/2020

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiff claims that Mr. Jonathan Silver, counsel for defendant PTI USA, should be disqualified from representation because of his access to confidential and privileged information, which was acquired during a consultation with Plaintiff's purported representative, Imran Igra, prior to the commencement of this action, Dkt. 21;

WHEREAS Plaintiff has filed, on the public docket, a copy of Igra's communications with Mr. Silver, Dkts. 20-4, 20-5;

WHEREAS Mr. Silver has averred that he, upon meeting with Mr. Igra, immediately disclosed that he could not undertake the representation due to a conflict of interest, Dkt.22; and

WHEREAS Plaintiff has averred that Mr. Silver failed to disclose his conflict of interest until after receipt of confidential information, Dkt. 20-2;

IT IS HEREBY ORDERED THAT Plaintiff must file a supplemental declaration, clarifying whether Mr. Igra conveyed any information relevant to this case to Mr. Silver, particularly during the meeting, beyond what has already been publicly filed with the Court. If

such additional information was conveyed, the declaration should describe the nature of such information, and Plaintiff's counsel must submit a supplemental memorandum explaining whether such information would be independently discoverable in this case.  *See Bd. of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) (explaining that disqualification is warranted where counsel's representation would confer unfair advantage and taint the trial); *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, 542 F. Supp. 2d 296, 315 (S.D.N.Y. 2008) (holding that disqualification was not warranted based on counsel's access to confidential information because such information would otherwise be available in discovery and confers no unfair advantage); *Tradewinds Airlines, Inc. v. Soros*, No. 08-CV-5901, 2009 WL 1321695, at *8 (S.D.N.Y. May 12, 2009) ("An attorney's prior access to relevant but non-discoverable information gives her an unfair advantage in litigation against a former client.  By contrast, any attorney representing plaintiff in this case would have access to the information at issue through discovery.").  Plaintiff's supplemental submissions are due by **April 27, 2020**; Defendant may file a response by **April 30, 2020**.  If necessary, Plaintiff may redact any privileged details in its submissions and file the unredacted submissions *ex parte* and under seal by following this Court's Individual Practices regarding sealing.

**SO ORDERED.**

**Dated: April 22, 2020**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**